**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

January 3, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-4352

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            *Plaintiff-Appellee*,<br><br>        *v.*<br><br>JONATHAN DOTSON,<br>            *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:03CR00087-001<br><br>John Daniel Tinder, *Judge*. |

**O R D E R**

Jonathan Dotson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and sentenced to 120 months' imprisonment, the maximum sentence under the statute. See 18 U.S.C. § 924(a)(2). On appeal, he challenged the district court's denial of his motion to suppress the gun that arresting officers found in his possession; however, we found no Fourth Amendment violation and affirmed his conviction in an unpublished order. See *United States v. Dotson*, 2004 WL 1435203 (7th Cir. Jun. 25, 2004). In response to Dotson's petition for a writ of *certiorari,* the Supreme Court vacated our decision and remanded the case to us for further consideration in light of its decision in *United States v. Booker*, 543 U.S. 220 (2005). After again affirming Dotson's conviction, we ordered a limited remand

pursuant to the procedures set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to allow the district court an opportunity to consider whether it would have imposed the same sentence with the knowledge that the guidelines are not mandatory. The district court responded that it would have imposed the same sentence had the guidelines been advisory at the time of Dotson's sentencing.

We invited both parties to file memoranda regarding the appropriate disposition of this appeal. The government chose not to file anything. Dotson filed a response challenging certain factual findings made by the district judge in calculating the proper guideline range; he did not address the question whether the overall sentence was reasonable. Specifically, Dotson argued that the district court erred by enhancing his base offense level based on the findings that one of his prior convictions was a crime of violence, and that the gun he was convicted of possessing was stolen. The time for challenging the guideline calculations, however, is long past. The scope of the *Paladino* remand is limited to inquiring whether the district judge would be inclined to stray from the guideline range, given his newfound flexibility to do so. Our subsequent review of that decision for reasonableness does not open the door to factual challenges that should have been raised earlier. Accordingly, we decline to analyze the objections Dotson is now attempting to raise; we consider solely whether the ultimate sentence was reasonable.

The district court considered the factors listed in 18 U.S.C. § 3553(a) and sentenced Dotson at the lowest end of the applicable guidelines range of 120 to 150 months. (That sentence was heavily influenced by the fact that the statutory maximum for Dotson's offense is 120 months). We have held that a sentence within a properly calculated guidelines range is presumptively reasonable. See *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We are aware that the Supreme Court has granted *certiorari* in *Rita v. United States,* 127 S.Ct. 551 (2006) (No. 06-5754), in order to decide whether a presumption of reasonableness is consistent with its *Booker* decision. In Dotson's case, however, the district court examined the full record and reasonably decided not to choose a sentence below the guidelines range. We conclude that Dotson's ultimate sentence was reasonable, even without the benefit of any presumption. We **AFFIRM** the judgment of the district court.